UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH PIARD,<br>　　　Plaintiff<br><br>v.<br><br>OFFICER HAKALA and OFFICER BARIAMIS,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)  Civil No. 23-40180-DHH<br>)<br>)<br>)<br>)<br>) |

ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS AND
FOR REASSIGNMENT AND REPORT AND RECOMMENDATION

February 2, 2024

Hennessy, M.J.

For the reasons set forth below, the undersigned RECOMMENDS the complaint be dismissed for failure to state a claim upon which relief can be granted.

I.  BACKGROUND

On December 20, 2023, plaintiff Joseph Piard, an inmate in custody at the North Central Correction Institution at Gardner, filed an Application to Proceed in District Court without Prepaying Fees or Costs and a copy of his prison account statement. See Docket Nos. 2, 3. On December 28, 2023, plaintiff filed his *pro se* complaint. See Docket No. 1.

This action was randomly assigned to the undersigned Magistrate Judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges. Docket No. 4.

II.     DISCUSSION

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summons do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening.  Both § 1915 and § 1915A authorize federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

In connection with the preliminary screening, *pro se* pleadings are construed generously. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004); see also Strahan v. Coxe, 127 F.3d 155, 158 n. 1 (1st Cir. 1997) (noting obligation to construe *pro se* pleadings liberally) (citing Haines, 404 U.S. at 520).  However, even under a liberal construction, the complaint is subject to dismissal for the reasons discussed below.

Here, plaintiff's complaint fails to state a claim upon which relief may be granted.  Piard filed his complaint using the preprinted Pro Se 1 form (complaint for a civil case) provided by the Administrative Office of the United States Courts. Complaint.  Doc. No. 1.  The form complaint identifies as defendants two correctional officers. Id. at ¶ I (the parties to this complaint).  The section of the complaint concerning the basis for jurisdiction is blank. Id. at ¶ II (basis for jurisdiction).  The statement of claim and request for relief is found on a separate page attached to the complaint. Id. at 6.  Piard alleges that while being escorted by defendant Hakala on November 4, 2023, he felt uncomfortable when Hakala walked very close behind him and

then verbally insulted him by using a racial slur.  Id.  Plaintiff contends that defendant Hakala was motivated, in part, because a day earlier, on November 3, 2023, plaintiff had complimented defendant Bariamis' vehicle.  Id.  Plaintiff alleges that the two defendants are married.  Id.  Plaintiff states that Hakala's actions were very unprofessional and subjected plaintiff to discrimination.  Id.  Plaintiff states that he filed a grievance in response to his interactions with Hakala and that he has not yet received a determination.  Id.  For relief, plaintiff states that he was personally injured and asks the court to decide the relief to be awarded. Id.

Piard's contention that he was subjected to discrimination suggests that he may seek to assert a claim under the federal civil rights statute, 42 U.S.C. § 1983.[1]  Speaking broadly, § 1983 provides a remedy for the violation of federal right by a person acting under the color of state law, but its application is not without limitations.

First, there are no factual allegations concerning defendant Bariamis.  As to defendant Hakala's use of a racial slur, "emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991) (affirming dismissal of Section 1983 claim alleging substantive Fourteenth Amendment violation); see DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.") (citations omitted).

---

[1] "42 U.S.C. § 1983 ... furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights."  Alfano v. Lynch, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing Kalina v. Fletcher, 522 U.S. 118, 123 (1997)).

Because plaintiff has not alleged facts from which the Court can reasonably conclude that either defendant violated plaintiff's constitutional rights, the complaint is subject to dismissal. In light of the nature of plaintiff's claims, the Court finds that amendment would be futile. <u>Garayalde-Rijos v. Municipality of Carolina</u>, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that *sua sponte* dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

III. <u>ORDER AND RECOMMENDATION</u>

In accordance with the foregoing, the Court orders as follows:

1. Because the complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A for failure to state a claim, this Court will direct that the file be returned to the Clerk's Office for REASSIGNMENT to a District Judge for dismissal for failure to state a claim on which relief may be granted.

2. The Court RECOMMENDS that the District Judge to whom this case is reassigned that the complaint be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim.

3. Should the Court adopt the undersigned's recommendation, the undersigned further RECOMMENDS that the Application to Proceed in District Court without Prepaying Fees or Costs be dismissed as moot.

IV. <u>REVIEW BY DISTRICT JUDGE</u>

Plaintiff is hereby advised, pursuant to the provisions of Fed. R. Civ. P. 72(b), that if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court within 14 days of his receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation or report to which

objection is made, and the basis for such objections. See Fed. R. Civ. P. 72.  Plaintiff is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962, 964-65 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993).

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge